MABEL H. OSGOOD, Respondent, v. L. R. MACK, INCORPORATED, Appellant.— Defendant appeals from a judgment entered on a jury's verdict for plaintiff in Albany County Supreme Court and from the order denying a motion to set aside the verdict and for a new trial. Plaintiff was injured while in the employ of the State of New York in the evaluation section of the State Motor Vehicle Bureau. The office was located in defendant's building, leased to the State, defendant maintaining the building insofar as concerned the heating, plumbing and cleaning. About one hundred employees' desks were arranged in blocks with aisles between them. It was the practice of the bureau to move and rearrange the desks when necessary to accommodate increases in personnel. Such rearrangements appear to have occurred at irregular intervals. The section chief stated that the moving might be once a month or once in six months or might be more often. Plaintiff's desk, with several others, was moved on November 30, 1950. On returning from carrying papers to her relocated desk, she stepped on a spot where a desk had stood, slipping and fracturing her ankle. Testimony that there was wax on her heel, of a ridge or accumulation of wax where the desk leg had stood, and of small squares indicative of the earlier presence of desks was undisputed. Over objection a coemployee was permitted to testify that he had slipped and fallen in another portion of the office by reason of an accumulation of wax at a spot where a desk had previously stood. The office floor was composed of asphalt squares. It was dry-cleaned by defendant five nights a week and on Saturday afternoons. It was waxed twice a year. The last waxing prior to plaintiff's fall was October 15, 1950. Defendant's superintendent was in charge of the waxing operation, in the course of which chairs and wastebaskets were moved, but not the desks. Liquid wax was mopped on and buffed by an electric device. The mops and to some extent the buffing machine would go under the desks but obviously did not reach the areas covered by the desk legs. This case is not one where there was defective work in waxing which left the floor in an unusually slippery condition. It must be viewed in the light of its particular necessities and circumstances. It is not, of course, negligence per se to wax a floor and keep it clean. The court instructed the jury that plaintiff claimed that the defendant.

in the exercise of reasonable foreseeability, should have anticipated the dangerous condition which she claimed to have existed. Beyond that, there were no instructions to the jury relative to notice and there was a refusal of a somewhat ambiguous request to charge in this respect. Defendant had the duty of cleaning and waxing the floor. Lessee apparently retained control of the arrangement and rearrangement of the desks. There was no proof of actual notice to the defendant of the moving of desks on the day of the accident. The defendant was not under a duty of moving all the desks at the time of waxing the floor in anticipation of the possibility that the desks might be subsequently moved by the State personnel. Judgment and order reversed, on the law and facts, and a new trial directed, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See 284 App. Div. 910.]